UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEO DICKERSON,<br><br>Defendant. | Case No. CR20-119RSL<br><br>ORDER CONTINUING TRIAL |

Having considered the record, defendant's unopposed motion to continue the trial date (Dkt. #25), and General Orders No. 02-20 and 13-20 for the Western District of Washington, incorporated by reference herein, the Court FINDS as follows:

1. The Court adopts the facts set forth in the motion; specifically, that defense counsel needs additional time to review discovery and effectively prepare for trial. The Court finds, for the reasons detailed in the motion, that the ends of justice served by continuing the trial outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(i), (iv).

2. The Court finds that a failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i).

3. Defendant has signed a waiver (Dkt. #29) indicating that he has been advised of his right to a speedy trial and that, after consulting with counsel, he has knowingly and voluntarily waived that right and consented to the continuation of his trial to a date up to and including March 8, 2021.

ORDER CONTINUING TRIAL - 1

IT IS THEREFORE ORDERED that defendant's motion to continue the trial date is GRANTED.  The trial is continued to February 22, 2021.

IT IS FURTHER ORDERED that the pretrial motions deadline be continued to January 7, 2021.

IT IS FURTHER ORDERED that the period of time between the date of the filing of defendant's motion and the February 22, 2021 trial date is excluded in computing the time within which trial must commence, because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).  Failure to grant this continuance would likely make trial impossible and result in a miscarriage of justice, and would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Id. §§ (B)(i), (iv).

DATED this 1st day of October, 2020.

Robert S. Lasnik
United States District Judge